**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| ARVIK PLATINUM INC., ) | |
| ) | |
| Plaintiff, ) | Case No.: 2:11-cv-01240-GMN-CWH |
| vs. ) | |
| ) | **AMENDED ORDER** |
| DM & ASSOCIATES, INC., VSA LLC, et al., ) | |
| ) | |
| Defendant. ) | |
| ) | |

Pending before the Court is Motion for Default Judgment (ECF No. 56) filed by Plaintiff ARVIK Platinum, Inc. ("Plaintiff") seeking default judgment against Defendants DM & Associates, Inc. ("DMA") and VSA, LLC ("VSA") (collectively, "Corporate Defendants"). The Court previously granted Plaintiff's Motion for Default Judgment. This Order follows.

## I.     BACKGROUND

This case arises from Defendants' alleged breach of their obligations under a written contract related to Plaintiff's purchase of an interest in VSA. Specifically, Plaintiff alleges that the parties agreed that Plaintiff would purchase 3,000 membership interests of VSA for $1,500,000.00. (Compl. ¶ 13, ECF No. 1.) In accordance with this agreement, Plaintiff paid the first two installments, totaling $1,034,706.00, yet received only 300 membership interests from Defendants. (*Id.* ¶ 17.)

As a result of Defendants' failure to convey the remaining 2700 membership interests, Plaintiff initiated the instant action on August 1, 2011, alleging nine causes of action, including breach of contract. (*Id.* ¶¶ 21–73.) DMA filed an Answer on September 30, 2011. However, at the December 3, 2012 Status Conference, the Court ordered the Answer stricken after the Corporate Defendants' continually failed to retain counsel. (Minutes of Proceedings, ECF No. 47; *see also* Order, ECF No. 49.) On December 3, 2012, the Clerk also entered the Corporate

Defendants' default. (ECF No. 50.) Thereafter, Plaintiff filed a Motion for Default Judgment seeking an entry of judgment in favor of Plaintiff and against the Corporate Defendants in the amount of $1,034,706.00. (Mot. for Default J., ECF No. 56.) The Court later granted that motion. This written order follows.

## II.   LEGAL STANDARD

Pursuant to Rule 55(a) of the Federal Rules of Civil Procedure, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Rule 55(b)(2) further provides that a court may enter a default judgment against a defendant who has failed to appear. Fed. R. Civ. P. 55(b)(2).

Whether to enter a default judgment is a question within the discretion of the trial court. *See Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). In determining whether to grant a default judgment, district courts consider the seven factors articulated by the Ninth Circuit in *Eitel v. McCool*:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of the plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning material facts, (6) whether default was due to excusable neglect, and (7) the strong policy . . . favoring decisions on the merits.

782 F.2d 1470, 1471–72 (9th Cir. 1986). In applying these *Eitel* factors, the factual allegations of the complaint are taken as true, except those relating to the amount of damages. *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977).

## III.   DISCUSSION

For the reasons discussed below, based on an analysis of the factors that the Ninth Circuit articulated in *Eitel v. McCool*, Plaintiff's motion and the evidence submitted therewith, the Court concludes that the balance of these factors supports granting Plaintiff's Motion for Default Judgment. Therefore, an entry of default judgment for $1,034,706 is appropriate.

### A.   Possibility of Prejudice to the Plaintiff

The first *Eitel* factor considers whether the plaintiff will suffer prejudice if default judgment is not entered. *See PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002). In this case, on December 3, 2012, the Clerk entered default against the Corporate Defendants. (Clerk's Entry of Default, ECF No. 50.) Although the Corporate Defendants initially filed an Answer to the Complaint, the Answer was stricken due to their failure to obtain counsel. (*See* ECF No. 47.) Furthermore, after more than one year, Corporate Defendants have still failed to retain counsel. Accordingly, the Corporate Defendants are unlikely to respond to the Complaint in the future. As a result, Plaintiff will suffer prejudice if default judgment is not entered because Plaintiff will have no other means to litigate its claims. *See PepsiCo*, 238 F. Supp. 2d at 1177 ("If Plaintiffs' motion for default judgment is not granted, Plaintiffs will likely be without other recourse for recovery."). For these reasons, the first *Eitel* factor weighs in favor of an entry of default judgment.

### B.   The Sufficiency of the Complaint and Merits of the Claim(s)

The second and third *Eitel* factors favor default judgment when the "plaintiff state[s] a claim on which the plaintiff may recover." *PepsiCo*, 238 F. Supp. 2d at 1175; *see Danning v. Lavine*, 572 F.2d 1386, 1389 (9th Cir. 1978). In this case, Plaintiff's Complaint asserts nine causes of action: (1) Breach of Written Contract; (2) Breach of Oral Contract; (3) Fraud/Intentional Misrepresentation; (4) Fraud in the Inducement; (5) Breach of Implied Covenant of Good Faith and Fair Dealing; (6) Unjust Enrichment; (7) Alter Ego; (8) Rescission; and (9) Accounting. (Compl., ECF No. 1.)

A claim for breach of contract must allege (1) the existence of a valid contract; (2) that plaintiff performed or was excused from performance; (3) that the defendant breached the terms of the contract; and (4) that the plaintiff was damaged as a result of the breach. *See* Restatement (Second) of Contracts § 203 (2007); *Calloway v. City of Reno*, 993 P.2d 1259, 1263 (Nev.

2000) ("A breach of contract may be said to be a material failure of performance of a duty arising under or imposed by agreement").  Because the Court finds that Plaintiff's primary cause of action, breach of contract, is adequately pleaded, the Court declines to discuss each of the remaining nine causes of action. (Compl. ¶¶ 21–35.)

For this reason, the Court concludes that the second and third *Eitel* factors also weigh in favor of an entry of default judgment.

### C. The Amount of Money at Stake

The fourth *Eitel* factor concerns the amount of money at stake in relation to the seriousness of Defendant's conduct. *PepsiCo*, 238 F. Supp. 2d at 1176–7.  In this case, Plaintiff seeks a judgment for $1,034,706.00, the amount that Plaintiff paid the Corporate Defendants pursuant to the terms of the contract. (Mot. for Default J. 11:24–28, ECF No. 56.)  Considering the amount of money that Plaintiff seeks, the Court finds that this factor favors the Corporate Defendants.

### D. The Possibility of a Dispute Concerning Materials

The fifth *Eitel* factor weights the possibility of a dispute regarding any material facts in the case. *PepsiCo*, 238 F. Supp. 2d at 1177.  Given the sufficiency of the Complaint, the Corporate Defendants' continued failure to retain counsel, and the Corporate Defendants' resulting default, no dispute has been raised regarding material elements of the Complaint.  Thus, this factor weighs in favor of granting default judgment.

### E. Whether Default Was Due to Excusable Neglect

The sixth *Eitel* factor considers whether the default was the result of the defaulting parties' excusable neglect. *PepsiCo*, 238 F. Supp. 2d at 1177.  As previously discussed, the Corporate Defendants initially filed an Answer to the Complaint, but that Answer was stricken due to the Corporate Defendants' failure to retain counsel.  For this reason, there can be no doubt that the Corporate Defendants are aware of this action.  Based on the Corporate

Defendants' initial participation in the litigation, the Court concludes that the possibility of excusable neglect is remote. Therefore, this factor also weighs in favor if granting default judgment.

### F. The Policy Favoring a Decision on the Merits

The final *Eitel* factor focuses on the policy that "[c]ases should be decided upon their merits whenever reasonably possible." *Eitel*, 782 F.2d at 1472.  Naturally, this factor will always weigh against default judgment.  However, as courts have previously noted, the mere existence of Rule 55(b) indicates that this policy is not dispositive. *See, e.g.*, *PepsiCo*, 238 F. Supp. at 1177.  Due to Corporate Defendants' continued failure to retain counsel, "makes a decision on the merits impractical, if not impossible." *Id.*  Therefore, even though the final *Eitel* factor weighs against granting default judgment, this factor alone cannot preclude the Court from entering the requested default judgment.

### IV. CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Default Judgment (ECF No. 56) is GRANTED.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall enter judgment in favor of Plaintiff Arvik Platinum, Inc. and against Defendant DM & Associates, Inc. and Defendant VSA LLC in the amount of $1,034,706, jointly and severally.

The Clerk of the Court shall enter judgment accordingly.

**DATED** this 24th day of January, 2014.

_____
Gloria M. Navarro, Chief Judge
United States District Judge